# THE STATE OF TEXAS v. J. B. WYGALL, ET AL.

## SUPREME COURT, AUSTIN TERM, 1883.

*Res Adjudicata—Suit Against the State—Former Decision Approved.*—In former appeal of this case, 51 Texas, 621, the conclusions therein expressed are approved and affirmed.

Appeal from Travis County.

*Attorney General*, for appellant.

*J. T. Harcourt* and *Hancock & West*, for appellees.

Opinion by Willie, C. J. Justice West not sitting.

Every point discussed by counsel in this cause was fully determined by the decision of this court in the present case when formerly before it upon appeal. See State v. Wygall, 51 Tex., 621.

It is only in exceptional cases that we would overrule decisions previously made in the same cause upon a former appeal.

Upon a reconsideration of the opinion heretofore delivered in this cause, we see no reason to differ from our predecessors in the conclusions at which they arrived.

It is urged here that the court may have been misled by the brief of counsel for appellees, and based their decision upon the supposition that this cause was commenced subsequently to that of Bishop Clarck, et al. v. Honey, Treasurer, in which the same subject matter was in controversy.

The record of the appeal shows that the fact that the present suit antedated the Bishop Clarck case was made already to appear, and the opinion of the court lays no stress upon the dates of filing the respective suits, but in view of the reasons given for it would have been the same no matter which of the suits was first in the order of filing.

Whilst the suit of Bishop Clarck, et al., against The State might not have been a proceeding *in rem* so far as to make a judgment rendered in it conclusive upon all interested in the subject matter without notice to them, still it was a suit in which such persons might have made themselves parties, and upon becoming parties they would be bound by the decree rendered in the cause. The record shows that the appellees had notice of the suit, and did attempt to become parties to it, but were denied the privilege by the court, to which ruling of the court they excepted. They were in

the attitude then of parties dismissed from a cause, and if this dismissal was wrong they had their remedy, and should have appealed to the Supreme Court and sought a revision of this action on the part of the district court. They declined to do this, but proceeded with the cause already commenced by them. If the appellees could thus abandon their claim to intervene in the Bishop Clarck cause, and proceed with their own to judgment, and the Bishop Clarck plaintiffs proceed also with theirs, the State would be at a decided disadvantage, compelled to defend both suits, and to pay judgments if obtained in both cases.

Of course the proper proceeding was to allow the appellees to intervene in the other suit., but when the court refused to do this their remedy was not that of proceeding with their own cause, but of appealing and asserting their rights in the very suit from which they had been improperly excluded.

But it is said that the appellees having sued first, they were entitled to preference in judgments against the State, and that the State paid the judgments in the other case at its own risk. It is not contended of course that the law ever contemplated that the State, when not in default, should in such cases, pay the funds in her own hand twice, or to two sets of heirs claiming in opposition to each other. The most that is claimed is, that the State should make all persons interested litigate their rights in such manner that it may be certainly ascertained who are the lawful heirs entitled to the property. ○

Has not the State done this as far as lay in her power ? When the present suit was commenced she was not presumed to know anything of the claim of the Bishop Clarck heirs. The State defended this suit, and when the other was commenced she defended it also. Admit that it was her duty as in case of depositions or stakeholders to have the plaintiffs in care of the cases made parties in the other, there was no law to compel her to select one case rather than the other for this purpose. All that the State could have done towards having the appellees brought into the Clarck suit, was done by the appellees themselves, and without avail. The State was not required to appeal for them, and they refused to do so for themselves. What further could the State do but to contend singly against the Bishop Clarck claimants even to the court of the last resort, and this was done whilst the appellees took no steps to as-

sist her. It was no part of the duty of the State to make another attempt in the present case to make the claimants in the other, parties to it. Judging from the decision already made, the attempt would have been fruitless, and moreover, as the plaintiffs pressed her to judgment, she had no opportunity of bringing them into another suit, and thus compelling them to establish again a right they had already sustained.

And from the statement contained in the briefs of counsel for appellees, as well as the report of this case in 51 Texas, 622, the judgment in favor of Wygall and others, had been obtained against the State before the trial of the Bishop Clarck suit, and but shortly after its commencement, so that the state was not in a position where she could bring Bishop Clarck and his co-plaintiffs into this suit after the court had ruled against the intervenors in the Clarck case.

But it is sought to hold the State liable because the judgment rendered in the Bishop Clarck case is alleged to be erroneous, and that the decision of the Supreme Court affirming it has been overruled. A judgment of the Supreme Court however erroneous is the law of the case in which it is rendered when that judgment is collaterally attacked. It becomes worthless as authority in other cases, but it finally settles the rights of the parties which were adjudicated by it. For aught that appears in this record the judgment in favor of Bishop Clarck is as binding upon the State as any judgment could be, and payment of it could have been enforced, and the State did not act illegally in paying over the Clarck assets in obedience to it. She has paid them to parties who appear from the face of the proceedings to be the rightful heirs of the decedent, and the appellees cannot in this suit, set aside the judgment in that cause, and re-try their case and have them declared other than what they were found to be by the judgment rendered therein.

We cannot in this proceeding re-open and reconsider that cause either upon the law or the facts upon which it was determined. That judgment subsisting and in force and decreeing the plaintiffs in the cause to be the children of the deceased, and the judgment in this suit finding the appellants to be his collateral relatives, the State appears to have paid the money to the parties entitled to it, and cannot be compelled to pay it again to more distant relatives.

If the demurrer to appellants pleadings had not been sustained,

and the case made had been the same as came before this court on the last appeal, the judgment of the court below in favor of the appellees would have been reversed and the judgment rendered here in favor of appellant. But as important allegations and proof of appellant were by the erroneous rulings of the court below excluded from the cause, appellant was not able to make out its entire case and the cause will have to be remanded for a new trial.

As the entire facts of this case have been heretofore fully developed and are easily susceptible of proof, and as the opinion of this court is now definitely given, so that the court below will be without excuse for deciding in opposition to it, there is no reason why another trial should not finally settle the litigation in this cause already prolonged far beyond what the law and the facts justified.

For the error of the court in sustaining exceptions to appellant's pleadings as set forth in the first assignment of error the judgment is reversed and the cause remanded.